IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JONATAN JIMENEZ SANCHEZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, United States Attorney General; DAVID EASTERWOOD, ICE Field Office Director; and CAROLYN SOMMER, Warden for the McCook Detention Center,

Respondents.

**8:26CV529**

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Jonatan Jimenez Sanchez's ("Jimenez Sanchez") Petition for Writ of Habeas Corpus (Filing No. 1) pursuant to 28 U.S.C. § 2241. Jimenez Sanchez names as respondents Markwayne Mullin, Secretary of the United States Department of Homeland Security; David Venturella, Acting Director of Immigration and Customs Enforcement ("ICE"); Todd Blanche, Attorney General of the United States; David Easterwood, Director of the St. Paul Field Office of ICE; and Carolyn Sommer, Warden for the McCook Detention Center where Jimenez Sanchez says he is held (the "warden" and collectively, the "respondents").

Jimenez Sanchez is a citizen of Mexico who entered the United States without inspection about three years ago.[1] ICE apprehended him after he was arrested by the Clinton County Sheriff's Department in Iowa on November 7, 2025, for operating while

[1]Jimenez Sanchez does not state exactly when he entered.

under the influence.[2] An immigration judge ordered him removed on January 14, 2026 (Filing No. 1-1), finding he was inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), and INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I) (Filing No. 1-1). Jimenez Sanchez has appealed that decision to the Board of Immigration Appeals ("BIA"), and that appeal is still pending. Jimenez Sanchez's petition is denied because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and detention during his removal proceedings does not violate his due-process rights under the Fifth Amendment.

## I. DISCUSSION

### A. Habeas Corpus

Unless suspended, "the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). Under § 2241, the writ is extended to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 473, 483 (2004). Because Jimenez Sanchez is reportedly detained within the geographical boundaries of this district, this Court possesses habeas jurisdiction. *See* 28 U.S.C. § 2241(a).

While 28 U.S.C. § 2243 generally requires the Court to order the warden to "show cause why the writ should not be granted," it need not do so if "it appears from the application that [Jimenez Sanchez] is not entitled" to relief. 28 U.S.C. § 2243. Here, the petition fails on its face because it appears from the application that he is not. *See id.*

[2]He has a previous conviction for driving under the influence from the Rock Island County Circuit Court in Illinois from May 21, 2024 (Filing No. 1-1).

**B. Regulatory Review**

Jimenez Sanchez does not deny he is subject to the mandatory detention provision in § 1225(b)(2). *See Avila v. Bondi*, 170 F.4th 1128, 1136-38 (8th Cir. 2026) (holding that aliens who are "applicants for admission" under 8 U.S.C. § 1225(a) are also "seeking admission" and thus subject to mandatory detention under § 1225(b)(2)). Despite acknowledging that *Avila v. Bondi* applies to him, he continues to argue that he is entitled to a custody review. In support, he cites 8 C.F.R. § 1003.19. But the provisions of that regulation interpret 8 U.S.C. § 1226, not § 1225. The fact that § 1226's corresponding regulations explain the process for requesting custody review is inapplicable here because Jimenez Sanchez is not detained pursuant to § 1226. *See Avila*, 170 F.4th at 1136-38. Jimenez Sanchez does not explain how he is entitled to review under § 1226's regulations despite being subject to mandatory detention under § 1225.

**C. Procedural and Substantive Due Process**

Jimenez Sanchez's arguments in support of his due-process claims are unpersuasive. As this Court has previously held, mandatory detention of certain categories of aliens (like Jimenez Sanchez) without a bond hearing does not violate due process. *See Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *2-5 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 526 (2003), *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024), and *Carlson v. Landon*, 342 U.S. 524, 538 (1952)). An alien may be detained without violating due process even if the alien is neither dangerous nor a flight risk. *See Mendez Leiva*, 2026 WL 948430, at *2-5 (citing *Demore*, 538 U.S. at 524-25, 531). Jimenez Sanchez's detention does not violate the Fifth Amendment's substantive- or procedural-due-process requirements.

**D. Maldonado Bautista**

Jimenez Sanchez also claims he is a member of the nationwide, declaratory relief class certified by a district court in *Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), and is therefore entitled to the relief ordered in that

action. But he is unable to establish that he is confined in the Central District of California. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Thus, the *Maldonado Bautista* court does not have jurisdiction over him, and he is not entitled to relief ordered by that court. *See id.*; *Alberto Rodriguez v. Jeffreys*, No. 8:25CV714, 2025 WL 3754411, at *7-11 (D. Neb. Dec. 29, 2025) (explaining that the Central District of California lacked jurisdiction over a § 2241 petition because the petitioner was detained exclusively in Nebraska); *id.* at *9 (concluding that the "purported 'universal injunction' in the class action in the Central District of California in *Maldonado Bautista* runs afoul of the fundamental subject-matter jurisdiction principle in 'core' habeas cases that the only proper district . . . is the district [where] the petitioners are confined").

That is only the tip of the iceberg. There are many more reasons why the decision in *Maldonado Bautista* is not binding on this Court. *See, e.g.*, *Ore Falcon v. Wofford*, No. 1:26-CV-00181-WBS-EFB, 2026 WL 171927, at *2 (E.D. Cal. Jan. 22, 2026) (explaining a few). Not only is *Maldonado Bautista* not binding, but the statutory interpretation underpinning its purported mandate directly conflicts with Eighth Circuit precedent. *See Avila*, 170 F.4th at 1136-38; *see also Hood v. United States*, 342 F.3d 861, 865 (8th Cir. 2003) (noting that district courts are "bound . . . to apply the precedent of this Circuit").

**E. Administrative Procedure Act**

Finally, Jimenez Camacho contends that his detention is "arbitrary." The Court presumes this is a passing reference to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*. The APA prohibits agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

As the party purportedly seeking APA review, Jimenez Sanchez must show that the challenged action "mark[s] the consummation of the agency's decision-making process" and is not "merely tentative or interlocutory in nature." *Union Pac. R.R. v. U.S. R.R. Ret. Bd.*, 162 F.4th 908, 917 (8th Cir. 2025). Jimenez Sanchez's own allegations demonstrate there has been no final agency action in his case. *See id.* (explaining that chapter 7 of the

APA "makes judicial review available for 'final agency action for which there is no other adequate remedy in a court'" (quoting 5 U.S.C. § 704)). There is nothing in his petition to suggest that his challenge to detention is not "tentative or interlocutory in nature." *Id.* It will presumably end once the BIA has decided his appeal and he is either removed from the country or released from detention. And setting those hurdles aside, the Court doubts it could say denying Jimenez Sanchez a bond hearing is "not in accordance with the law." *See Avila*, 2026 WL 819258, at *5-6.

Moreover, APA review makes little sense in this context. "[H]abeas corpus, not the APA, is the proper vehicle" for his claims. *Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (explaining that the APA is not the proper vehicle for review of detention and removal of aliens under the Alien Enemies Act).

To warrant habeas relief, Jimenez Sanchez generally bears the burden of proving that his detention is unlawful. *See Maye v. Pescor*, 162 F.2d 641, 643 (8th Cir. 1947) (noting in a "habeas corpus proceeding, the burden [is] upon [the petitioner] to establish some or all of the charges in his petition"); *Copenhaver v. Bennett*, 355 F.2d 417, 422 (8th Cir. 1966) (same). As difficult and frustrating as his situation is, his arguments do not persuade the Court that his detention violates the Fifth Amendment, the INA, the APA, or any other statute. Accordingly,

IT IS ORDERED:

1. Petitioner Jonatan Jimenez Sanchez's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in its entirety.
2. A separate judgment will issue.

Dated this 21st day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge